Lkigh, J.
This is a prosecution under the statute of 1822-3, ch. 34. and to sustain .the prosecution, it must be held, that by the words “ property real and personal” in the statute, the legislature intended to embrace dogs. Some of the judges are of opinion, that the act does not authorize a prosecution for the destruction of any kind of living domestic animals, and that by the words “ property real and personal” the legislature intended property of the same kind as that before enumerated; for that it cannot be supposed, that the legislature intended to embrace our valuable domestic animals, by the general word “ property,” when in the preceding part of the act, it had specially named property of much less value. But, without expressing any opinion as to the correctness of this construction of the act, a majority of the court is of opinion, that a criminal prosecution cannot be sustained for the destruction of dogs. By the common law, the property in dogs and other inferiour animals, is not such as that a larceny can be committed by stealing them, though the possessor has a base property in them, and may'maintain a civil action for injuries done to them. And, in a penal act, like the one now under consideration, the word “ property” standing alone ought to be considered to mean full and complete property, such as by the common law may be protected by a public prosecution for the. larceny thereof. Therefore, the court is of opinion, that it ought to be certified to the circuit court, that the demurrer ought to be sustained, and judgement rendered lor the defendant. '
Judges Smith, Upshur, W. Browne, Summers, Field, Lomax and Scott, dissented.